IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUN 20 2016

ARTHUR JOHNSTON
BY_____ DEPUTY

LASHONDA JORDAN, Individually
AND STATE OF MISSISSIPPI EX REL.
LASHONDA JORDAN                                        PLAINTIFF

VERSUS                          NO. 3:16cv 467 TSL-RHW

TEDRICK LIDDELL, In His Individual Capacity
AND TRAVELERS CASUALTY & SURETY CO.         DEFENDANTS

JURY TRIAL DEMANDED

## COMPLAINT

This is a civil action to recover damages for the Defendants' violations of the

Plaintiff's Fourth Amendment constitutional right to be free from false arrest and

excessive force made actionable by 42 U.S.C. § 1983 and on the defendants' public

official bond pursuant to Mississippi law.  The following averments support this civil

action:

### (Parties)

1. The Plaintiff, LaShonda Jordan, is an adult resident citizen of Columbus,

Mississippi.

2. The Defendant, Tedrick Liddell, is an adult resident citizen of Macon,

Mississippi.  The Defendant Liddell may be served with process by service of a

summons and complaint upon him at 314 Allen Bend Road, Macon, Mississippi 39341.

3. The Defendant, Travelers Casualty & Surety Company of America

("Travelers"), is a Connecticut corporation with its principal place of business at One Tower Square, Hartford, Connecticut 06183. The Defendant Travelers may be served with process by service of a summons and complaint upon its registered agent, United States Corporation Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

(Jurisdiction and Venue)

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1343(a)(3) (Civil Rights), and 28 U.S.C. § 1367(a) (Supplemental).

5. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. § 1391, since substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

(Cause of Action)

6. On June 20, 2013, Ms. Jordan was at the Airport Store with her husband. As she prepared to enter her automobile after making a purchase at the store, Ms. Jordan was accosted by three young women who began cursing and harassing her.

7. As Ms. Jordan's husband attempted to drive away, one of the young women grabbed the car door on the passenger side and steadily opened it. Not wanting to injure the young woman with a moving vehicle, Mr. Jordan stopped the car.

8. One of the girls had grabbed Ms. Jordan's hair and she exited the vehicle to

2

try to protect herself.  When Ms. Jordan opened her car door she was assaulted by the three young women.

9.  The assault was stopped by Ms. Jordan's husband and she was able to get in the car and drive off.

10.  Later, Ms. Jordan returned to the Airport Store to see if she could identify the young women who assaulted her.

11.  Ms. Jordan saw the Defendant Liddell at the Airport Store and informed him of the assault.  Instead of taking a report or advising Ms. Jordan to file a report, the Defendant Liddell told Ms. Jordan there was nothing he could do since he had not seen anything.

12.  Ms. Jordan pointed out to the Defendant Liddell that the young women who assaulted her were driving a vehicle without a tag.  The Defendant Liddell told Ms. Jordan that they had over a hundred tickets for no tag and nothing was going to be done about it.

13.  At that time, the young women drove past in the vehicle with no tag.  When Ms. Jordan pointed them out, the Defendant Liddell threw his hands up in a gesture that he did not care.

14.  Frustrated at the Defendant Liddell's lack of concern, Ms. Jordan returned home.

3

15.  Shortly after returning home, Ms. Jordan heard cars riding up and down her street and shouting and cursing.

16.  Ms. Jordan and several members of her family were outside observing when all of a sudden several young women jumped out of the cars with sticks and bats and ran onto Ms. Jordan's property and began assaulting her family members.

17.  Ms. Jordan's sister was struck on the back and her brother was almost struck by a bat.  Ms. Jordan ran inside and called 911 to report what was happening.

18.  After placing the call, Ms. Jordan went outside when she heard a siren and saw the Defendant Liddell responding.

19.  Instead of immediately responding, the Defendant Liddell allowed a vehicle driven by the sister of one of the assailants pull up to Ms. Jordan's yard and threaten Ms. Jordan.

20.  The Defendant Liddell allowed the threats to continue until the sister of one of the assailants came towards Ms. Jordan, at which point he asked her to get back in her vehicle.

21.  The Defendant Liddell then began to shout at Ms. Jordan asking her what was going on.  Ms. Jordan told the Defendant Liddell that these were the same young women who had assaulted her earlier and that they had come to her house and assaulted her and her family again.

4

22. Ms. Jordan told the Defendant Liddell that she wanted to speak to another officer because she felt that he was fake and was not going to do anything about the situation.

23. The Defendant Liddell became angry at Ms. Jordan and despite the absence of any probable cause, told Ms. Jordan that she was under arrest. Ms. Jordan asked the Defendant Liddell what he was arresting her for as she had not done anything. The Defendant Liddell did not tell Ms. Jordan what he was arresting her for.

24. As Ms. Jordan began to walk away from him, the Defendant Liddell grabbed Ms. Jordan's arm and shoved her against her car. Ms. Jordan told the Defendant Liddell that he was hurting her left harm but he did not respond.

25. Ms. Jordan was handcuffed and shoved into the back of the Defendant Liddell's police cruiser.

26. The Defendant Liddell pulled away from Ms. Jordan's house but stopped to have a conversation with the sister of one of the assailants to tell her that the young women needed to turn themselves in.

27. Ms. Jordan ascertained from their conversation that the Defendant Liddell was involved in a personal relationship with one or more of the young women or a close family member of theirs.

28. The Defendant Liddell did not transport Ms. Jordan directly to the jail, but

5

instead drove around Noxubee County looking for the young women and calling them
and their family members in order to tell them to turn themselves in.

29.  Ms. Jordan complained to the Defendant Liddell about the stifling heat in the
car to which he responded by saying that Ms. Jordan would get air when she got to the
jail.

30.  The Defendant Liddell drove around Noxubee County in a reckless manner
with a handcuffed and unsecured Ms. Jordan getting tossed around in the back seat.
Ms. Jordan asked the Defendant Liddell why he was driving her around Noxubee
County to look for the young women but received no response from him.

31.  When Ms. Jordan arrived at the jail, her family was there waiting on her.  The
Defendant Liddell told her family members to leave and that he would call then when
she got a bond.

32.  The Defendant Liddell brought Ms. Jordan inside the jail and put her in a
room with the dispatcher.

33.  The Defendant Liddell walked away and the dispatcher asks Ms. Jordan who
she is.  Ms. Jordan told the dispatcher that she was the person who called her earlier to
report the assault by the young women at her home.

34.  The dispatcher told the Defendant Liddell that Ms. Jordan was the person,
along with three other people, who called her earlier to report the assault at Ms.

Jordan's house.

35. Ms. Jordan asked the Defendant Liddell why he had arrested and detained her and the Defendant Liddell responded that he had only arrested her because she embarrassed him in front of her family when she told him that she wanted to speak to another officer.

36. Ms. Jordan was then allowed to make a report to the dispatcher regarding the assault at the Airport Store and her home.

37. Ms. Jordan was then released without any charges being brought against her. Ms. Jordan was arrested and detained by the Defendant Liddell for several hours in the absence of any probable cause.

38. The Defendant Liddell was at all times relevant to this civil action acting under color of state law.

39. The Defendant Liddell, at all times relevant to this civil action, acted with reckless disregard towards Ms. Jordan's federally protected rights.

40. At all times relevant to this civil action, the Defendant Liddell, was a county official who executed bond, with the Defendant Travelers for the faithful performance of his duty.

(Claim 1 Fourth Amendment False Arrest - Defendant Liddell)

41.   The Defendant Liddell is liable to Ms. Jordan for having her arrested and detained without probable cause in that the Defendant Liddell was subjectively aware that he had no lawful basis to arrest or detain Ms. Jordan.

42.   As a direct and proximate result of the Defendant Liddell's violation of Ms. Jordan's constitutional rights, Mr. Liddell suffered physical and emotional injury.

(Claim 2 Fourth Amendment Excessive Force - Defendant Liddell)

43.   The Defendant Liddell is liable to Ms. Jordan for violating her Fourth Amendment right to be free from unreasonable seizure through the Defendant Liddell's use of excessive force which was objectively unreasonable under the circumstances.

44.   As a direct and proximate result of the Defendant Liddell's violation of Ms. Jordan's Fourth Amendment rights, Ms. Jordan suffered physical and emotional injury.

(Claim 3 Miss. Code Ann. § 25-1-45  Civil Liability For Failure to Perform Duty)

45.   The Defendant Liddell, in his individual capacity, is a county officer who has executed bond for the faithful performance of his duty.

46.   The Defendant Liddell, in his individual capacity, knowingly and willfully neglected to perform numerous duties required of him by law, and otherwise violated his official obligations.

47.   Due to the Defendant Liddell's knowing and willful neglect to perform a

duty required of him by law and based on the violation of his official duties, Ms. Jordan brings suit against the Defendant Liddell, in his individual capacity, and on the Defendant Travelers, on his public official bond for the damages sustained by Ms. Jordan.

WHEREFORE, PREMISES CONSIDERED, Ms. Jordan prays for actual and compensatory damages against all defendants, in an amount to be determined by the trier of fact, for punitive damages against the Defendant Liddell, in his individual capacity, and the Defendant Travelers, in an amount to be determined by the trier of fact, for a reasonable attorney's fee pursuant to 42 U.S.C. § 1988, for all allowable costs of this civil action, and for any and all other relief to which Mr. Jordan is entitled in law or equity.

Respectfully submitted, this the 20th day of June, 2016.

Victor I. Fleitas/MF

VICTOR I. FLEITAS
MS BAR NO. 10259

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, MS 38804
662.840.0270 / Phone
662.840.1047 / Facsimile
fleitasv@bellsouth.net / Email

Attorney for Lashonda Jordan

9