# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF
# MISSISSIPPI, NORTHERN DIVISION

**LASHONDA JORDAN, Individually**
**and State of Mississippi ex rel.**
**LASHONDA JORDAN**                                                                 PLAINTIFF

    **vs.**

                                        **No:3:16-CV-467-TSL-RHW**

**TEDRICK LIDDELL, in his individual capacity**
**and Travelers Casualty & Surety Co.**                                              **DEFENDANTS**

---

## ANSWER AND AFFIRMATIVE DEFENSES

---

COMES NOW, Defendant, individual defendant Tedrick Liddell, by and through his attorney of record, and answers the claims asserted against him in this action as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted. Additionally any injury is de minimus or non-existent and such fails to meet the necessary criteria to state any cause of action.

### Second Defense

Defendant invokes all defenses available to him as set forth in Federal Rule of Civil Procedure 12(b)(1) through 12(b)(7) for which a good faith and legal and/or factual basis exists or may exist in his favor. Defendant Liddell also asserts good faith and the absence of malice.

### Third Defense

Defendant Liddell asserts any and all applicable avoidance and affirmative defenses including those contained in Federal Rule of Civil Procedure 8(c) including but not limited to

contributory negligence, intervening cause, estoppel, fraud, illegality, assumption of risk, statute of limitations, and waiver. Defendant Liddell reserves all other defenses not specifically asserted in the affirmative herein.

**Fourth Defense**

Plaintiff is not entitled to any relief and no recovery may be had for the reasons contained in this answer as no defendant violated any law. There can be no recovery for damages including any asked for in the Complaint for the reasons that all actions were in good faith and predicated upon reasonable and just grounds and same did not constitute any violation of law and even if true or as stated in the Complaint, such do not rise to the level of an actual or constitutional tort. Defendant Liddell had probable cause for all actions taken as well as all actions taken were reasonable under the circumstances.

**Fifth Defense**

To the extent Plaintiff may be alleging any state law claim as seems to be asserted in claim 3 in the Complaint which is titled "civil liability for failure to perform duty" and cites Miss Code Ann. § 25-1-45, then Defendant Liddell pleads in the affirmative the application of all aspects of the Mississippi Tort Claims Act. This includes Miss. Code Ann. § 11-46-1, et seq., including, but not limited to, all statutes of limitations, statutes of repose, all exemptions to liability, all immunities, all procedural prerequisites, and all jurisdictional prerequisites. This includes but is not limited to the exemptions from liability resulting in immunity of Miss. Code Ann.11-46-9 (1)(a),(b),(c),(d),(f)(h)(m), and/or (u). Defendant was acting as a law enforcement officer responding to an emergency E 911 call for help at a reported civil disturbance involving weapons with potential or actual violence. Plaintiff appeared to be the perpetrator of the violence and/or civil disturbance. Plaintiff gave no pre suit tort notice and as a result any attempted state law claim is void as a matter of law. In addition Defendant Liddell is entitled to individual

immunity under the Mississippi Tort Claims Act.

## Sixth Defense

Plaintiff's alleged damages were not caused by any custom or policy of Defendant Liddell. In addition Defendant Liddell was not a policy maker. Defendant Liddell is not a state actor for purposes of the alleged federal claim and is a private citizen at this time. Without a *Monell* custom and policy and / or absent a local government policy maker then no federal claim has been stated or exists as a matter of law. Any arrest or detention of Plaintiff was baaed on probable cause and/ or reasonable circumstances based on the information known to Defendant Liddell at the time of such arrest and/or detention.

## Seventh Defense

Defendant Liddell asserts all available immunities, including but not limited to, good faith immunity, qualified immunity, absolute immunity, discretionary immunity, and qualified privilege. Individual Defendant Liddell expressly asserts all of these defenses as well as individual Qualified Immunity. On or about a date that Plaintiff claims she was detained by Defendant, individual Defendant Liddell was working as a Deputy Sheriff of Noxubee County, Mississippi. Defendant Liddell was on duty and on road patrol alone in a marked Sheriff's department vehicle. Defendant Liddell was dispatched by Noxubee County E911 at sometime approximately between 10:00 p.m. to 11:00 p.m. to respond to a call for emergency help at a scene of a civil and/or criminal disturbance with weapons involved at a location in Noxubee County. The location was rural, had no street lights, and only entry was by a one lane gravel road containing a sharp turn. Upon arrival at the location he was dispatched to Defendant Liddell observed a large crowd of 25-30 people and multiple vehicles packed into a tight area near

multiple residences. Defendant Liddell physically entered this dangerous circumstance alone to render aide to whoever called for emergency relief. Defendant Liddell observed a female subject in the civil disturbance who was very disorderly, very disruptive, very loud, screaming, out of control, who was physically aggressive, and was banging on and shoving vehicles. Other people were trying to restrain this person. Defendant Liddell approached this individual to investigate the emergency need, ascertain dangers, contain dangers, try to get the situation calm, provide emergency help, detect and neutralize the use of reported weapons, and assist those persons in need of assistance. This female subject was yelling, running around, jumping, and shoving. This female subject was given multiple clear verbal commands and orders by Defendant Liddell to calm down, stop disorderly conduct, and stop aggressive and violent actions. All commands, orders, and statements by Defendant Liddell were disregarded by this individual. This individual was then arrested for disorderly conduct by Defendant Liddell and/or for disobeying the command of an officer. This was also for the safety of Defendant Liddell and the safety of others. This individual identified herself as Plaintiff Jordan. Only after Jordan was handcuffed and in the Sheriff's vehicle did any other law enforcement officer arrive to assist in the reported disturbance with weapons involved. Plaintiff's disregard for the emergency response officer's commands for calm and restraint was an immediate impediment of his investigation plus placed those calling for help as well as the responding officer in continued danger. Plaintiff's failure to obey the commands also placed Defendant Liddell in even greater danger as the location of weapons had not been ascertained or threatened use contained and he was required to divert his attention from the weapons and need for aide response to get Plaintiff subdued.

### Eighth Defense

Punitive damages are not available as a matter of law.

### Ninth Defense: Answer

Defendant responds to the respective paragraphs of the Complaint as follows:

The allegations of the initial and unnumbered introductory paragraph are denied except the federal statutes and Constitution are self evident. Defendant is not presently aware of any such alleged public bond for a non-elected deputy sheriff as is alleged in this paragraph.

1. The allegations of paragraph No. 1 are denied. The residency of Plaintiff is not known.

2. The allegations set forth in paragraph No. 2 are admitted as to Noxubee County as the county of Defendant's residency and in the general area of Macon, Mississippi.

3. The allegations of paragraph No. 3 call for no response from Defendant Liddell.

4. Jurisdiction is admitted except due to the absence of a validly stated or alleged federal cause of action..

5. Venue is admitted.

6. The allegations of paragraph No. 6 are denied. If Plaintiff had a issue with someone she was free to execute an affidavit for same with the Justice Court.

7. The allegations of paragraph No. 7 are denied. If Plaintiff had a issue with someone she was free to execute an affidavit for same with the Justice Court.

8. The allegations of paragraph No. 8 are denied. If Plaintiff had a issue with someone she was free to execute an affidavit for same with the Justice Court.

9. The allegations of paragraph No. 9 are denied. If Plaintiff had a issue with someone she was free to execute an affidavit for same with the Justice Court.

10. The allegations of paragraph No. 10 are denied. If Plaintiff had a issue with

someone she was free to execute an affidavit for same with the Justice Court.

11. The allegations of paragraph No. 11 are denied. If Plaintiff had a issue with someone she was free to execute an affidavit for same with the Justice Court. Defendant Liddell does recall seeing a childhood acquaintance named David Jordan. Defendant Liddell was dispatched to a disturbance at Airport Store on June 20, 2013 at about 8:15 p.m. Upon arrival he saw several people standing outside the store including David Jordan who complained that non specified females had been in an altercation with his sister Lashonda Jordan. The females were not at the location at that time.

12. The allegations of paragraph No. 12 are denied as stated.

13. The allegations of paragraph No. 13 are denied as stated.

14. The allegations of paragraph No. 14 are denied or not known.

15. The allegations of paragraph No. 15 are denied or not known.

16. The allegations of paragraph No. 16 are denied or not known except an emergency call for help for a disturbance involving weapons at address of 195 Kid Pippin Road was received by Noxubee County E 911. Defendant Liddell as a Noxubee County Deputy Sheriff then on duty was dispatched by Noxubee County E 911 to respond to this disturbance and observed 25-30 people present upon arrival.

17. The allegations of paragraph No. 17 are denied or not known except an emergency call for help for a disturbance involving weapons at address of 195 Kid Pippin Road was received by Noxubee County E 911. Defendant Liddell as a Noxubee County Deputy Sheriff then on duty was dispatched by Noxubee County E 911 to respond to this disturbance and observed 25-30 people present upon arrival.

18. The allegations of paragraph No. 18 are denied or not known except an emergency

call for help for a disturbance involving weapons at address of 195 Kid Pippin Road was received by Noxubee County E 911. Defendant Liddell as a Noxubee County Deputy Sheriff then on duty was dispatched by Noxubee County E 911 to respond to this disturbance and observed 25-30 people present upon arrival.

19. The allegations of paragraph No. 19 are denied or not known except an emergency call for help for a disturbance involving weapons at address of 195 Kid Pippin Road was received by Noxubee County E 911. Defendant Liddell as a Noxubee County Deputy Sheriff then on duty was dispatched by Noxubee County E 911 to respond to this disturbance and observed 25-30 people present upon arrival.

20. The allegations of paragraph No. 20 are denied or not known except an emergency call for help for a disturbance involving weapons at address of 195 Kid Pippin Road was received by Noxubee County E 911. Defendant Liddell as a Noxubee County Deputy Sheriff then on duty was dispatched by Noxubee County E 911 to respond to this disturbance and observed 25-30 people present upon arrival.

21. The allegations of paragraph No. 21 are denied or not known except an emergency call for help for a disturbance involving weapons at address of 195 Kid Pippin Road was received by Noxubee County E 911. Defendant Liddell as a Noxubee County Deputy Sheriff then on duty was dispatched by Noxubee County E 911 to respond to this disturbance and observed 25-30 people present upon arrival. Defendant issued multiple orders to Plaintiff to calm down, stop disorderly conduct, and she disregarded these commands.

22. The allegations of paragraph No. 22 are denied. There was probable cause.

23. The allegations of paragraph No. 23 are denied. There was probable cause.

24. The allegations of paragraph No. 24 are denied. There was probable cause.

25. The allegations of paragraph No. 25 are denied. There was probable cause.

26. The allegations of paragraph No. 26 are denied. There was probable cause.

27. The allegations of paragraph No. 27 are denied.

28. The allegations of paragraph No. 28 are denied.

29. The allegations of paragraph No. 29 are denied.

30. The allegations of paragraph No. 30 are denied.

31. The allegations of paragraph No. 31 are denied as stated. Plaintiff was taken inside for processing.

32. The allegations of paragraph No. 32 are denied as stated and Plaintiff was brought inside and the jailer /dispatcher work station is near the booking area.

33. The allegations of paragraph No. 33 are denied. Defendant Liddell and the jailer/dispatcher called the Sheriff.

34. The allegations of paragraph No. 34 are denied as stated or not known.

35. The allegations of paragraph No. 35 are denied.

36. The allegations of paragraph No. 36 are denied. No such report has been discovered.

37. The allegations of paragraph No. 37 are denied. Plaintiff was arrested for the charges of disorderly conduct and failure to obey the command of an officer. After arrival at the Sheriff's Office Plaintiff calmed down and told Defendant Liddell that she was a nurse and if charges were brought against her that she would lose her license as a nurse. This prompted Defendant to call the Sheriff and after receiving a direction from the Sheriff to help Plaintiff out Defendant Liddell released Plaintiff and did not press charges. The circumstances of Plaintiff's arrest were based on probable cause. The events Plaintiff claims the subject of this suit are also events in which Plaintiff engaged in illegal conduct.

38. The allegations of paragraph No. 38 are denied as stated except he was an on duty Deputy Sheriff of Noxubee County, Mississippi. He was not a federally defined state actor or policymaker.

39. The allegations of paragraph No. 39 are denied.

40. The allegations of paragraph No. 40 are denied at this time..Defendant is not presently aware of any such alleged public bond for a non-elected deputy sheriff as is alleged in this paragraph.

41. The allegations of paragraph No. 41 are denied.

42. The allegations of paragraph No. 42 are denied.

43. The allegations of paragraph No. 43 are denied.

44. The allegations of paragraph No. 44 are denied.

45. The allegations of paragraph No. 45 are denied at this time. Defendant is not presently aware of any such alleged public bond for a non-elected deputy sheriff as is alleged in this paragraph.

46. The allegations of paragraph No. 46 are denied.

47. The allegations of paragraph No. 47 are denied.

48. All remaining allegations of the Complaint including the prayer for relief are denied.

Respectfully submitted, this the 28th day of September, 2016.

/s/ *Katherine S. Kerby*
KATHERINE S. KERBY, MSB # 3584
for Defendant Tedrick Liddell,

OF COUNSEL
KERBY LAW FIRM, LLC
Mailing Address: Post Office Box 551
Columbus, MS 39703
Street Address: 722 College Street
Columbus, Mississippi 39701
Phone: (662) 889-3733
FAX # 662-328-8247
email: ksearcyk@bellsouth.net
web: www.kerbylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the Answer and Affirmative Defenses of Defendant Tedrick Liddell with the Clerk of the Court using the ECF system which sent notification of such filing to Counsel of record including for Plaintiff at the address registered with the Court's ECF system including:

Victor I. Fleitas

Attorney for Plaintiff

SO CERTIFIED, this the 28th day of September, 2016.

/ s/ *Katherine S. Kerby*

KATHERINE S. KERBY